**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| LAKEITH AMIR-SHARIF,  )  | |
|     Plaintiff,  ) | |
| ) | |
| v.  ) | No. 3:07-CV-176-G |
| ) | ECF |
| UNIVERSITY OF TEXAS MEDICAL  ) | |
| BRANCH, ET AL.,  ) | |
|     Defendants.  ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**Parties:**

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding pro se and the Court has granted him leave to proceed *in forma pauperis*. Defendants are the University of Texas Medical Branch ("UTMB"), the Dallas County Commissioners Court, the Dallas County Sheriff's Department, Sheriff Lupe Valdez, Dr. Steven Bowers, Dallas County Commissioners Allen Clemson, Margaret Keliher, Kenneth Mayfield, and Mike Cantrell, and Dallas County Jail nurse Kathy Finch and mental healthcare worker Toni Rose. Service has not been issued.

**Factual background:**

Plaintiff alleges that Dallas County and its political entity and employees have failed to appropriate sufficient funds to operate the Dallas County Jail in a humane and constitutional manner. Specifically, he complains of deliberate indifference to his medical conditions during his incarceration in the Dallas County Jail from August 18, 2005, to September 1, 2005. Plaintiff alleges Defendants failed to monitor and provide necessary medications for his chronic conditions (epilepsy, asthma and bi-polar disorder). He states he suffered migraine headaches, anxiety attacks, loss of sleep and suffered "what is believed to have been" an epileptic seizure. (Compl. at 4I). He seeks monetary, declaratory and injunctive relief.

**Discussion:**

The terms of 28 U.S.C. § 1915(e)(2)(B)(I) authorize a federal court to dismiss an action in which the Plaintiff is proceeding *in forma pauperis* before service if the court determines that the action is frivolous or malicious. Under this standard, a district court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those which clearly lack any basis in fact. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.C. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.C. 1827, 1831-32 (1989). A claim is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986). Plaintiff's allegations come within this doctrine and, accordingly, should be dismissed with prejudice.

**A. UTMB**

UTMB is the provider of medical services at the Dallas County Jail. UTMB is an agency of the State of Texas. *See Sampson v. United States*, 73 Fed. Appx. 48, 49, 2003 WL 21919906, *1 (5th Cir. 2003) (unpublished per curiam); *O'Rourke v. United States*, 298 F.Supp.2d 531, 535-536 (E.D. Tex. 2004); *Broughton v. Bowles, et al.*, 3:04-CV-1310-L (N.D. Tex., Dallas Div., Dec. 30, 2004). As such, it is immune to suit in federal court under the Eleventh Amendment of the United States Constitution. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Aguilar v. Texas Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1988) (finding the Eleventh Amendment bars suit against a state or a state entity regardless of whether money damages or injunctive relief is sought). Plaintiff's claims against the UTMB should be dismissed.

**B.   Dallas County Sheriff's Department**

Plaintiff names the Dallas County Sheriff's Department as a Defendant. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government). Governmental offices and departments do not have a separate legal existence. *See, e.g. Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 U.S. Dist. WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department not a legal entity); *Lindley v. Bowles*, No. 3:02-CV-595-P, 2002 WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence). *Prenosil v. Dallas County Jail,* No. 3:93-CV-1130-D,

slip op. at 2 (N.D. Tex. Jan. 2, 1995) (same). The Dallas County Sheriff's Department should therefore be dismissed.

**C. Plaintiff's previous lawsuit**

This is not the first lawsuit Plaintiff has filed regarding these allegations.[1] On January 12, 2006, Plaintiff filed a civil rights complaint against Defendants Dallas County, Sheriff Lupe Valdez, Dr. Steven Bowers, Margaret Keliher, Kenneth Mayfield and Mike Cantrell. *See Amir-Sharif v. Dallas County, et al.*, No. 3:06-CV-0081-B (N.D. Tex. filed Jan. 12, 2006). In that complaint, he made the same allegations regarding his incarceration in the Dallas County Jail from August 18, 2005, to September 1, 2005. Plaintiff's claims are therefore barred by the doctrine of res judicata.

Under res judicata, a prior judgment bars a subsequent action where: (1) the parties are identical in both suits (or in privity with the parties in the prior action); (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same cause of action was involved in both cases. *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir. 1983); *Vines v. University of Louisiana at Monroe*, 398 F.3d 700, 704-05 (5th Cir. 2005). Further, the doctrine of res judicata "bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication." *Nilsen* at 561 (citing *Allen v. McCurry*, 449 U.S. 90 (1980)).

Here, Plaintiff has named the same Defendants as his prior suit, and has added Dallas County Commissioner Allen Clemson, the Dallas County Commissioners Court, Dallas County

---

[1] Plaintiff has filed seventeen lawsuits within the last year. Three of these cases were dismissed as frivolous and two are currently on appeal. The other cases remain pending in the district court.

Jail nurse Kathy Finch and mental health caseworker Toni Rose as Defendants. To the extent these Defendants are sued in their official capacities, they are in privity with Dallas County, which was a party in the previous suit. Further, the prior judgment was rendered by the United States District Court for the Northern District of Texas which is a court of competent jurisdiction. The prior case involved a final decision on the merits. Finally, both the prior case and this complaint involve the same cause of action. In determining whether two cases involve the same cause of action, the Fifth Circuit has stated: "the critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts." *Agrilectric Power Partners, Ltd., v. General Electric Co.*, 20 F.3d 663, 665 (5th Cir. 1994).

In this case, Plaintiff raises the same allegations against the Defendants that he raised in his previous suit. In both cases Plaintiff argues Defendants were deliberately indifferent to his medical needs while he was incarcerated in the Dallas County Jail from August 18, 2005, to September 1, 2005. Plaintiff's claims are therefore barred by res judicata and should be dismissed as frivolous for failure to state a claim upon which relief may be granted.

Additionally, to the extent that Defendants Clemson, Finch, and Rose are not in privity with Dallas County, Plaintiff's claims against these Defendants fail. Plaintiff's claims against Commissioner Clemson fail to establish a sufficient causal connection between Clemson's alleged conduct and any constitutional violation. *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987). "As a prerequisite [to § 1983 liability], a plaintiff 'must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged.'" *Roberts v. City of Shreveport*, 397 F.3d 287,

292 (5th Cir. 2005) (quoting *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995)); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."); *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983) (same). Therefore, the claims against Clemson lack an arguable basis in law and should be dismissed.

Likewise, Plaintiffs claims against Finch and Rose should be dismissed. To state a colorable claim under the Eighth Amendment for denial of medical care, Plaintiff must allege acts or omissions "sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Norton*, 122 F.3d at 291. It occurs when a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837-40 (1994).

Plaintiff alleges that he did not receive his medications for the two weeks of August 18, 2005, until September 1, 2005. The records submitted in Plaintiff's previous case show that on August 24, 2005, six days following Plaintiff's return from Big Spring State Hospital, all of Plaintiff's medications were reinstated. *See Martinez* Report, MH-Clinic Note for 8/24/05 and Medication Administration Record for August 2005 in *Amir-Sharif v. Dallas County*, No. 3:06-CV-0081-B (N.D. Tex). It appears Plaintiff continued with these medications until his release from the Dallas County Jail on September 1, 2005.

Accepting Plaintiff's allegations as true, his claims regarding the six-day delay in providing him with his prescription medications fail to establish deliberate indifference to his

6

serious medical needs.  As a result, Plaintiff's allegations do not rise to a constitutional violation. *See Mendoza*, 989 F.2d 191, 195 (5th Cir. 1993).

**D.  Sanctions**

Plaintiff has filed seventeen complaints in the Northern District of Texas within the last year.  Two of the complaints were dismissed as frivolous, two other complaints have recommendations from the magistrate judge to dismiss the complaint as frivolous.  Plaintiff should be warned that any future frivolous lawsuits may result in the imposition of sanctions, including an order prohibiting him from filing any civil actions without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge.

**RECOMMENDATION:**

The Court recommends that this case be dismissed with prejudice as frivolous for failure to state a claim upon which relief may be granted. The Court further recommends that Plaintiff be warned that any future frivolous lawsuits may result in the imposition of sanctions, including an order prohibiting him from filing any civil actions without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge

Signed this 12th day of March, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court.  See Thomas v. Arn, 474 U.S. 140, 150, (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).